**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re:                                                        :
                                                              :
    RESIDENTIAL CAPITAL, LLC,        : Chapter 11
                                                              : Case No. 12-12020 (MG)
                     Debtor.        :
---------------------------------------------------------------x
RESIDENTIAL FUNDING COMPANY, LLC,   :
                                                              :
                   Plaintiff,     :
                                                              : Adv. Proc. No. 14-01915 (MG)
         - against -                           :
                                                              :
HSBC MORTGAGE CORP. (USA),          :
                                                              :
                  Defendant.    :
---------------------------------------------------------------x
RESIDENTIAL FUNDING COMPANY, LLC,   :
                                                              :
                   Plaintiff,     :
                                                              : Adv. Proc. No. 14-01916 (MG)
         - against -                           :
                                                              :
GREENPOINT MORTGAGE FUNDING, INC.,  :
                                                              :
                  Defendant.    :
---------------------------------------------------------------x
RESIDENTIAL FUNDING COMPANY, LLC,   :
                                                              :
                   Plaintiff,     :
                                                              : Adv. Proc. No. 14-01926 (MG)
         - against -                           :
                                                              :
UBS REAL ESTATE SECURITIES, INC.,   :
                                                              :
                  Defendant.    :
---------------------------------------------------------------x

```
-------------------------------------------------------------x
RESCAP LIQUIDATING TRUST,                                    :
                                                             :
                              Plaintiff,                     :
                                                             :   Adv. Proc. No. 14-01995 (MG)
              - against -                                    :
                                                             :
RBC MORTGAGE COMPANY,                                        :
                                                             :
                              Defendant.                     :
-------------------------------------------------------------x
RESCAP LIQUIDATING TRUST,                                    :
                                                             :
                              Plaintiff,                     :
                                                             :   Adv. Proc. No. 14-01996 (MG)
              - against -                                    :
                                                             :
SUMMIT FINANCIAL MORTGAGE LLC et ano.,                       :
                                                             :
                              Defendant.                     :
-------------------------------------------------------------x
RESCAP LIQUIDATING TRUST,                                    :
                                                             :
                              Plaintiff,                     :
                                                             :   Adv. Proc. No. 14-01998 (MG)
              - against -                                    :
                                                             :
CMG MORTGAGE, INC.,                                          :
                                                             :
                              Defendant.                     :
-------------------------------------------------------------x
RESCAP LIQUIDATING TRUST,                                    :
                                                             :
                              Plaintiff,                     :
                                                             :   Adv. Proc. No. 14-01999 (MG)
              - against -                                    :
                                                             :
PRIMARY CAPITAL ADVISORS LLC,                                :
                                                             :
                              Defendant.                     :
-------------------------------------------------------------x
```

```
------------------------------------------------------------x
RESCAP LIQUIDATING TRUST,                            :
                                                     :
                        Plaintiff,                   :
                                                     :   Adv. Proc. No. 14-02000 (MG)
        - against -                                  :
                                                     :
HONOR BANK,                                          :
                                                     :
                        Defendant.                   :
------------------------------------------------------------x
RESCAP LIQUIDATING TRUST,                            :
                                                     :
                        Plaintiff,                   :
                                                     :   Adv. Proc. No. 14-02001 (MG)
        - against -                                  :
                                                     :
CADENCE BANK, N.A.,                                  :
                                                     :
                        Defendant.                   :
------------------------------------------------------------x
RESCAP LIQUIDATING TRUST,                            :
                                                     :
                        Plaintiff,                   :
                                                     :   Adv. Proc. No. 14-02003 (MG)
        - against -                                  :
                                                     :
FIRST MARINER BANK,                                  :
                                                     :
                        Defendant.                   :
------------------------------------------------------------x
RESCAP LIQUIDATING TRUST,                            :
                                                     :
                        Plaintiff,                   :
                                                     :   Adv. Proc. No. 14-02004 (MG)
        - against -                                  :
                                                     :
MORTGAGE INVESTORS GROUP., INC.,                     :
                                                     :
                        Defendant.                   :
------------------------------------------------------------x
```

```
------------------------------------------------------------x
RESCAP LIQUIDATING TRUST,                    :
                                             :
                      Plaintiff,             :
                                             :   Adv. Proc. No. 14-02005 (MG)
          - against -                        :
                                             :
SYNOVUS MORTGAGE CORP.,                      :
                                             :
                      Defendant.             :
------------------------------------------------------------x
RESCAP LIQUIDATING TRUST,                    :
                                             :
                      Plaintiff,             :
                                             :   Adv. Proc. No. 14-02008 (MG)
          - against -                        :
                                             :
PHH MORTGAGE CORP.,                          :
                                             :
                      Defendant.             :
------------------------------------------------------------x
RESCAP LIQUIDATING TRUST,                    :
                                             :
                      Plaintiff,             :
                                             :   Adv. Proc. No. 14-02009 (MG)
          - against -                        :
                                             :
BANK OF AMERICA, N.A. et al.,                :
                                             :
                      Defendant.             :
------------------------------------------------------------x
```

## CASE MANAGEMENT & SCHEDULING ORDER # 1

This Case Management and Scheduling Order is entered by the Court, in each of the above-captioned adversary proceedings (the "Adversary Proceedings"), following scheduling conferences held on June 24, 2014 and July 15, 2014, in accordance with Fed. R. Civ. P. 16(b) and 26(f). This Order may be made applicable to additional adversary proceedings upon entry of a separate order providing for such relief.

4

1. **Applicable Rules.** With the exception of certain limitations set forth in this Order, the parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure ("Civil Rules"), Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York ("Local Bankruptcy Rules").

2. **Lead Docket.**

   a. Any filing affecting two or more of the above captioned Adversary Proceedings shall be filed for administrative purposes only in a newly created docket ("Central Docket"), captioned *In re ResCap Liquidating Trust Mortgage Purchase Litigation*, Adv. Pro. No. 14-07900 (MG). The filing should include the caption of the Central Docket and of each case to which it applies. A filing on the Central Docket shall be sufficient to give notice to all parties in these proceedings. Any filing affecting only a single case shall be filed within that case only. At such time as all cases included within the Central Docket have been resolved, Plaintiff's counsel shall make a motion to close the case for the Central Docket.

   b. A docket entry should be made in each Adversary Proceeding that is now or hereafter becomes subject to this Order, substantially as follows:

   > An Order has been entered directing the creation of a Central Docket for administrative purposes in which any pleading affecting two or more of the Adversary Proceedings should be filed. The caption for the Central Docket is *In re ResCap Liquidating Trust Mortgage Purchase Litigation*, Adv. Pro. No. 14-07900 (MG). A pleading involving two or more cases shall include the caption of the Central Docket and of each case to which it applies. The Central Docket shall be consulted for all matters covered by the Order from the date of the Order.

3. **Amended Pleadings.** Plaintiff may file amended complaint(s) in each of the Adversary Proceedings by July 24, 2014. After that date, any amended pleadings may

5

not be filed and additional parties may not be joined by Plaintiff, except as provided by Federal Rule of Civil Procedure 15 (with respect to amendments as a matter of course), with leave of the Court, or as agreed by the parties. Defendants may amend pleadings as provided by Federal Rule of Civil Procedure 15 (with respect to amendments as a matter of course), with leave of the Court, or as agreed by the parties.

4. **Initial Motion Practice.**

a. Any motion(s) to dismiss (or answer(s) in lieu of such a motion) shall be filed no later than 45 days following the July 24, 2014 deadline to amend the pleadings. Brief(s) in opposition to any motion(s) to dismiss shall be due 45 days after the opening brief(s), and any reply brief(s) shall be due 15 days after the opposition briefs. Defendants shall file a single collective memorandum of law as to any common legal issues, which shall not exceed 35 pages. Plaintiff shall file a single memorandum of law in opposition to Defendants' motions, which shall not exceed 35 pages. Defendants shall file a collective reply not to exceed 15 pages. All page limits are exclusive of any table of contents and table of authorities. Contemporaneously with the filing of Defendants' collective brief, a particular Defendant may file a separate memorandum of law as to any issues not addressed in the Defendants' collective brief, which shall not exceed 10 pages, with any memorandum of law in opposition not to exceed 10 pages, and any reply brief not to exceed 5 pages.

b. For any Defendant that files a motion to dismiss, its answer, if necessary, shall be filed no later than 28 days following the Court's order on that motion.

5. **Initial Disclosures.** Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be exchanged not later than 28 days after entry of this Order.

6

6. **Fact Discovery**.

    a.    Fact discovery shall commence the business day following entry of this Order and shall not be stayed pending disposition of motions to dismiss, to withdraw the reference, or to transfer venue.

    b.    The parties are engaged in discussions regarding (1) a protocol for the production of electronic documents, and (2) a protective order regarding the production of confidential materials. The parties shall file proposed orders with the Court relating to each of these issues within 28 days of this Order.

    c.    In lieu of producing common documents to all Defendants, Plaintiff may place such common documents in a single repository accessible to all Defendants.

    d.    All documents shall be produced on a rolling basis. The parties will meet and confer regarding the prioritization of the production of certain categories of documents.

    e.    Document productions of the Parties shall be substantially completed no later than 180 days after discovery begins under this Order, unless extended by the Court upon a demonstration of good cause.

    f.    Fact discovery shall be completed no later than 270 days after discovery begins under this Order, unless extended by the Court upon a demonstration of good cause.

    g.    The parties shall undertake best efforts to minimize the extent of duplicative discovery and motion practice across the Adversary Proceedings subject to this Order.

7

7. **Written Discovery.**  Defendants shall coordinate and serve consolidated sets of requests for production, interrogatories, and requests for admission on issues common to all Adversary Proceedings subject to this Order.  While individual Defendants may serve separate requests for production, interrogatories, and requests for admission on non-common issues, each Defendant shall first confer with the other Defendants to the Adversary Proceedings to determine whether any particular request should be served collectively on behalf of all Defendants.  Duplicative discovery requests are not permitted.

8. **Depositions.**

a.  Defendants shall coordinate and serve single sets of deposition notices (including notices under Civil Rule 30(b)(6)) on issues common to all Adversary Proceedings subject to this Order.  While individual Defendants may serve separate deposition notices, each Defendant shall first confer with the other Defendants to the Adversary Proceedings to determine whether any notice should be served collectively on behalf of all Defendants.  Duplicative notices are not permitted.

b.  Fact depositions shall not begin until document discovery is substantially complete.  Notwithstanding the foregoing, Civil Rule 30(b)(6) depositions may be noticed at any time after the start of fact discovery as to the organizational structure of any pertinent entity(ies); the sources and location of relevant, responsive, non-privileged documents and data; and document collection efforts.

c.  Each fact witness is required to appear only once for deposition in the Adversary Proceedings subject to this Order.  As to deposition notices under Civil Rule 30(b)(6), any such notice shall identify the topics on which testimony is sought so that the Parties can coordinate the deposition of individuals who will be deposed as both 30(b)(6)

8

witnesses and fact witnesses.  No party on whom a Civil Rule 30(b)(6) notice has been served may object to such notice on the basis that the witness selected by that party to testify previously has been deposed on non-duplicative topics in these proceedings.

    d.  Any deposition taken in connection with any of these Adversary Proceedings may be used in any other Adversary Proceeding for any purpose permitted by Civil Rule 32.

    e.  Any deposition noticed in the Adversary Proceedings subject to this Order shall be noticed to Plaintiff and all Defendants.  Any party wishing to participate in any noticed deposition shall promptly inform both the noticing party and the deponent in writing.  All parties shall produce for deposition any noticed witness under its employ and upon whom that party intends to rely, unless a party can show good cause why a witness cannot be produced.  While counsel for all parties may question a witness at depositions, duplicative or cumulative questioning shall not be permitted.  Counsel for Defendants must confer and agree on a lead counsel to question the witness and the order in which questioning by other (non-lead) counsel will proceed.

    f.  All parties to any deposition shall meet and confer regarding the time, place, length, and format of the deposition, including any appropriate extension of the presumptive time limit for depositions.

    g.  **Presumptive deposition length.**  The Parties shall confer in good faith and as necessary concerning the duration of any noticed deposition; absent agreement of the parties or Order of this Court as to any particular witness, the presumptive time limit for depositions is one 7-hour day.

9. **Discovery Disputes.** In the event of any discovery dispute in any of the Adversary Proceedings, counsel shall first meet and confer in an effort to resolve the dispute. If counsel are unable to resolve the dispute, counsel for any party seeking assistance from the Court shall, before filing any discovery motion, arrange a conference call with the Court with all counsel involved in the dispute. The Court will endeavor to resolve the dispute without the filing of any discovery motions.

10. **Expert discovery.**

   a. All expert discovery shall be completed no later than 180 days after the completion of all fact discovery, unless extended by the Court upon a demonstration of good cause.

   b. No later than 60 days prior to the completion of fact discovery, the parties shall meet and confer on a schedule for expert disclosures—including expert reports, the production of underlying documents, expert depositions, and the extent to which reports shall be produced separately in each Adversary Proceeding—provided that (i) affirmative expert report(s) shall be due not less than 45 days before rebuttal expert report(s); (ii) affirmative expert disclosures, including reports, shall be served 45 days after the start of expert discovery, and (iii) all expert discovery shall be completed by the date set forth in Paragraph 10 (a).

   c. **Sampling.** Within 14 days after entry of this Order, Plaintiff shall disclose a proposed sampling methodology to any Defendant as to which Plaintiff intends to pursue proof through sampling (the "Sampling Defendants"). Within 14 days after receiving the proposed methodology, each Sampling Defendant shall inform Plaintiff whether it agrees to Plaintiff's proposed methodology. For every Sampling Defendant that

10

agrees to the methodology, Plaintiff shall promptly identify its actual loan sample. For every Sampling Defendant that does not agree to the methodology, the parties shall meet and confer within 14 days after notification that the Defendant does not agree to the proposed methodology in an effort to agree on a sampling methodology. If the parties cannot agree on the methodology, Plaintiff shall file an omnibus motion *in limine* in support of the proposed sampling methodology/ies; the omnibus motion shall be filed within 42 days after the deadline for notification from the Sampling Defendant that does not agree to the methodology. (For avoidance of doubt, the Court contemplates a 42 day period, in which the Plaintiff will propose and seek agreement on sampling methodologies—14 days initially for Plaintiff to propose methodologies, 14 days for a Defendant to object, and 14 days for the parties to seek consensually to resolve any objections to methodology, and then for the Plaintiff to file a single omnibus motion directed to any Defendant with whom the Plaintiff is unable to reach agreement.) The relevant Sampling Defendants shall file an omnibus 25-page opposition brief 21 days thereafter; Plaintiff shall file a 10-page omnibus reply 14 days thereafter; and Plaintiff shall promptly identify its actual loan sample and produce loan files for the sampled loans after the motion in *limine* is resolved.

      11. **Motions**.

         a.     All motions and applications shall be governed by the Civil Rules, the Bankruptcy Rules, and the Local Bankruptcy Rules, including pre-motion conference requirements. Pursuant to the authority provided by Fed. R. Civ. P. 16(b)(2), a motion for summary judgment will be deemed untimely unless a request for a pre-motion conference

11

relating thereto (*see* Local Bankruptcy Rule 7056-1) is made in writing not later than 28 days after the close of expert discovery.

        b.      Motion papers shall be filed promptly after service. All motions, and courtesy copies of motions, shall include a table of contents listing all affidavits and exhibits. Affidavits and exhibits shall be clearly identified by tabs on both the original and courtesy copies. Exhibits shall be marked sequentially such that no exhibit number or letter repeats, regardless of the affidavit to which it is attached. Exhibits for plaintiffs should be marked by numbers; exhibits for defendants should be marked by letters.

        c.      Two courtesy copies of all motions papers shall be delivered to chambers as soon as practicable after filing.

        d.      **Unless otherwise noted herein, or unless prior permission has been granted by the Court, memoranda of law in support of and in opposition to motions are limited to 25 pages, and reply memoranda are limited to 10 pages. All memoranda shall be double-spaced, 12-point font, with 1" margins. Memoranda of 10 pages or more shall contain a table of contents and a table of authorities.**

        e.      Prior to filing a motion, counsel for the moving party shall contact my Courtroom Deputy, Deanna Anderson, to obtain a hearing date for the motion.

      12. **Alternative Dispute Resolution.**

        a.      All counsel must meet and confer regarding settlement or use of alternative dispute resolution ("ADR") within 30 days after the date of this Order and, again, within 30 days after the close of fact discovery. Counsel shall advise the Court promptly if they agree to use ADR to try to resolve some or all of the claims in the case.

The use of any ADR mechanism does not stay or modify any date in this Order unless the Court agrees on the application of any party.

           b.      The Court believes that these actions could benefit from early mediation.  Mediation will be most meaningful if Plaintiff has first provided Defendants with information helpful to the Defendants in evaluating the settlement alternatives.  The Defendants have identified categories of information that they believe would facilitate evaluation of settlement.  Plaintiff has agreed promptly to deliver to Defendants, subject to FRE 408, all the reasonably accessible non-privileged information with respect to two of three categories of information requested by Defendants.  Those categories are as follows:

- Identification of the at-issue loans (*i.e.*, the universe of loans for which the Trust seeks recovery in these actions), including dates of acquisition; loan identification numbers assigned by the originators; borrower names; property addresses; MERS number; the applicable securitization or whole loan pool into which each loan was placed; the original principal balance of the loans; and trustee/remittance (or other similar reports) reflecting the performance of all loans within each securitization or whole loan pool.

- Information about the settlements into which RFC entered relating to the at-issue loans, including identification of the lawsuits or claims resulting in the settlements; what entities received payments or consideration, in what form, and in what amounts; and information about the formula or methodology used to calculate the consideration relating to each settlement.

The Court directs that all reasonably accessible non-privileged information in the above two categories shall be produced to Defendants, subject to FRE 408, within 28 days from the date of this Order.

           c.      Counsel for all parties shall confer promptly seeking to agree on a mediator to conduct a global omnibus mediation (to be followed, if the mediator deems appropriate, with separate mediation sessions, in each of the cases).  The mediation shall commence as soon as possible after the 28 day period in which Plaintiff will produce

documents to the Defendants as provided in this paragraph. If the parties cannot agree on a single mediator within 14 days from the date of this Order, they shall notify the Court, which will then determine how a mediator shall be appointed.

   d. The costs of the mediator shall be split evenly between Plaintiff and Defendants for all omnibus mediation sessions and the work of the mediator in connection therewith. The costs of the mediator shall be split evenly between the Plaintiff and the Defendant for any separate mediation sessions and the work of the mediator in connection therewith.

   e. The mediator is authorized to direct the parties to provide any additional non-privileged information that the mediator believes would be helpful in resolving the cases.

   f. Unless otherwise ordered by the Court, the omnibus mediation and any separate mediation shall be concluded within 90 days of the initial omnibus mediation session. Unless otherwise ordered by the Court, none of the deadlines for any other pretrial proceedings set forth in this Order shall be extended or modified as a result of any ongoing mediation.

   g. Counsel shall promptly notify the Court of any settlement reached in any of the pending cases covered by this Order.

  13. **Joint Pretrial Conference Order**. Counsel shall submit a proposed Joint Pretrial Conference Order within 60 days after the close of expert discovery. The proposed Joint Pretrial Conference Order shall be prepared using the form of order that will be provided to counsel by my Courtroom Deputy or law clerks.

14. **No Waiver or Prejudice to Defendants by Virtue of This Order.**
Notwithstanding any other provision of this Order, no Defendant shall be deemed, by virtue of entry of this Order, to have waived any other objection or defense, or shall suffer any prejudice in respect of such right.  The entry of this Order shall not be deemed to be consent by any Defendant to the application of this Order in any withdrawn, transferred, or remanded proceeding.

15. The next Case Management Conference is scheduled for 11:00 a.m., August 26, 2014 (primarily to discuss issues relating to sampling methodologies).  Another Case Management Conference is also scheduled for 10:00 a.m., October 14, 2014.

16. This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown, it being recognized that modifications, including as to time limits, may be required if additional actions (including actions in the District of Minnesota or elsewhere) become subject to this Order.  Any application to modify or extend any deadline established by this Order shall be made in a written application no less than 5 days prior to the expiration of the date sought to be extended.

17. Plaintiff's counsel shall provide a copy of this Order to each district judge in the Southern District of New York before whom a motion to withdraw the reference in any of the cases covered by this Order has been filed.

18. The Court intends to send a copy of this Order to each judge in the United States District Court for the District of Minnesota before whom a similar case commenced by Residential Funding Company, LLC or ResCap Liquidating Trust is currently pending for the purpose of permitting each judge to consider whether a common schedule should be established in all similar cases raising common issues whether pending in New York or

15

Minnesota.  The Court is prepared to adjust the schedule set forth in this Order to

accommodate a common schedule in all of the cases.

Dated:   July16, 2014
         New York, New York

                                           ___*Martin Glenn*_____
                                              MARTIN GLENN
                                         United States Bankruptcy Judge