Hearing Date: November 20, 2014
Opposition Date: October 23, 2014
Reply Deadline: November 7, 2014

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE RESCAP LIQUIDATING TRUST MORTGAGE PURCHASE LITIGATION | Case No. 12-12020 (MG) (Ch. 11)<br>Adv. Proc. No. 14-07900 (MG) |
| *This document relates to*:<br><br>Rescap Liquidating Trust v. GreenPoint Mortg. Funding, Inc., Adv. Proc. No. 14-01916 (MG)<br><br>Rescap Liquidating Trust v. Summit Fin. Mortg. LLC, Adv. Proc. No. 14-01996 (MG) | |

## DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS BASED ON LACK OF STANDING AND TO ENFORCE THE SOLE REMEDY PROVISION

Murphy & McGonigle, PC
1185 Avenue of the Americas
21st Floor
New York, NY 10036
(212) 880-3976

*Attorneys for Defendants
GreenPoint Mortgage Funding, Inc.,
Summit Financial Mortgage, LLC and
Summit Community Bank, Inc.*

## **TABLE OF CONTENTS**

Table of Authorities……………………………………………………………………...……ii

Preliminary Statement…………………………………………………………………………1

ARGUMENT………………………………………………………………………..……..….1

I.  PLAINTIFF CANNOT SUE ON LOANS THAT RFC ASSIGNED AWAY…………..…1

    A.  The Motion To Dismiss Should Be Granted On the Record Before The Court….....1

    B.  Plaintiff Cannot Overcome The Relevant Case Law Demonstrating That The
        Assignment of the Loans Encompassed Claims Relating to Those Loans…...........2

II. THE COURT SHOULD ENFORCE THE SOLE REMEDY PROVISION
    IN THE GREENPOINT AGREEMENT………………..…....………………………….5

CONCLUSION…..……………………………………………………………………....…..6

## TABLE OF AUTHORITIES

**Cases**

*Calif. Pub. Employees' Retirement Sys. v. Shearman & Sterling*,
   95 N.Y.2d 427 (2000) .................................................................................................. 3

*Cortec Indus., Inc. v. Sum Holding L.P.*,
   949 F.2d 42 (2d Cir. 1991) ........................................................................................... 1

*Garber v. Legg Mason Inc.*,
   347 Fed. Appx. 665 (2d Cir. 2009) ............................................................................. 1

*In re Lehman Brothers Holdings Inc.*,
   515 B.R. 171 (Bankr. S.D.N.Y. 2014) ....................................................................... 4

*North Fork Bank v. Cohen & Krassner*,
   44 A.D.3d 375 (1st Dep't 2007) ............................................................................. 3, 4

*Pro Bono Inv., Inc. v. Gerry*,
   No. 03 Civ. 4347 (JGK), 2008 WL 4755760 (S.D.N.Y. Oct. 29, 2008) .................... 3

*Stewardship Credit Arbitrage Fund LLC v. Charles Zucker Pearl Corp.*,
   No. 600634/2010, 31 Misc. 3d 1223(A) (Sup. Ct. N.Y. Co. May 4, 2011) .............. 3

*U.S. Bank Nat'l Assoc. v. DLJ Mortg. Capital, Inc.*,
   No. 650369/2013, 42 Misc. 3d 1213(A) (Sup. Ct. N.Y. Co. Jan. 15, 2014),
   *aff'd*, 2014 WL 5334039 (1st Dep't Oct. 21, 2014) ..................................................... 5

*W.W.W. Assocs., Inc. v. Giancontieri*,
   77 N.Y.2d 157 (1990) .................................................................................................. 4

**Preliminary Statement**

The Court should reject Plaintiff's various contentions designed to evade the impact of the assignment agreements entered into by RFC,[1] and should dismiss for lack of standing all claims relating to loans RFC assigned away. The Court should also enforce the sole remedy provision in the GreenPoint agreement.

**I.     PLAINTIFF CANNOT SUE ON LOANS THAT RFC ASSIGNED AWAY**

**A. The Motion To Dismiss Should Be Granted On the Record Before The Court**

Plaintiff's opposition argues, incorrectly, that the standing issue should not be addressed on a motion to dismiss because the Court cannot properly consider the publicly available SEC filings submitted with the motion. Extensive Second Circuit authority refutes that argument, particularly where, as here, Plaintiff relied on the documents in drafting the complaints. *See Garber v. Legg Mason Inc.*, 347 Fed. Appx. 665, 669 (2d Cir. 2009) (holding that "on a Rule 12(b)(6) motion to dismiss a court may consider matters of which judicial notice may be taken," including SEC filings); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) (allowing consideration of SEC filings on a motion to dismiss "[w]here plaintiff has actual notice of all the information in the movant's papers and has relied upon those documents in framing the complaint").[2]

The two documents at issue consist of an assignment agreement entered into by RFC, and the contemporaneous agreement by RFC's assignee to assign all right, title and interest to the loans to the securitization trustee. Snyder Dec. Exs. A., B. Plaintiff's complaints affirmatively

---

[1] The same definitions and abbreviations set forth in Defendants' opening memorandum are used here.
[2] The Second Circuit's liberal standards for consideration of SEC filings and other judicially noticed documents distinguish this case from the two Minnesota cases cited by Plaintiff in which Minnesota courts declined to look outside the pleadings on a motion to dismiss. Pl. Mem. at 3.

1

allege that many of the loans RFC purchased from Defendants were sold to securitization trusts. GreenPoint Complaint ¶¶ 3, 20, 22, 26, 31, 34-35; Summit Complaint ¶¶ 3, 21, 23, 36-37. Plaintiff does not and could not contend that it did not have notice of agreements RFC entered into and through which it transferred the loans to the securitization trusts. Plaintiff expressly demands indemnification for liability allegedly incurred by RFC arising out of its sale of loans to securitization trusts. GreenPoint Complaint ¶¶ 59-71, 86-88; Summit Complaint ¶¶ 62-82, 91-94. Accordingly, the Court can properly take notice of these publicly filed agreements.

Plaintiff complains that the assignment agreements at issue relate only to a single RMBS trust. Pl. Mem. at 2. Yet Defendants expressly advised the Court that identical assignment language was included in the publicly filed documents relating to 28 specifically identified trusts. Defs. Open. Mem. at 5 n.7. Plaintiff does not (and cannot) dispute this fact, but instead weakly tries to create an issue out of the fact that Defendants, appropriately, did not burden the Court with voluminous, duplicative documents and instead offered to furnish additional documents upon the Court's request. *Id.* This motion to dismiss should extend to each of the trusts with identical assignment language identified in Defendants' opening memorandum.

Plaintiff also argues, vaguely, that there are "numerous" related agreements not before the Court. Pl. Mem. at 2. This argument should be given no weight because Plaintiff does not identify these other agreements, and does not (and cannot) explain how or why they could affect the assignment agreements at issue.

### B. Plaintiff Cannot Overcome The Relevant Case Law Demonstrating That The Assignment of the Loans Encompassed Claims Relating to Those Loans

Plaintiff does not meaningfully address the applicable case law establishing that an assignment of "<u>all</u> right, title and interest" in the loans encompasses the right to sue for breaches

2

of representations and warranties relating to the loans. The key case of *North Fork Bank v. Cohen & Krassner*, 44 A.D.3d 375 (1st Dep't 2007), construed the identical language at issue here, and concluded that the same assignment language was sufficient to convey the assignor's claim for fraud. This is consistent with a long line of cases establishing that the transfer or assignment of assets also encompasses the transfer or assignment of related claims. *See Pro Bono Inv., Inc. v. Gerry,* No. 03 Civ. 4347 (JGK), 2008 WL 4755760, at *16 (S.D.N.Y. Oct. 29, 2008) (citing cases showing that assignment of "all" assets or interests included right to bring claims relating to those assets or interests).

Plaintiff's opposition relies on *Calif. Pub. Employees' Retirement Sys. v. Shearman & Sterling*, 95 N.Y.2d 427 (2000) *("Calpers")*, which was decided 7 years before *North Fork Bank* and is distinguishable on its facts. *Calpers* decided only whether the assignment language at issue in that case encompassed an attenuated claim of negligence against a third-party law firm for its alleged failure to prepare documents in connection with a separate agreement. Here, the issue is whether RFC's assignment of "all right, title and interest" to loans included claims of breaches and representations and warranties (and related indemnification claims) pertaining directly to the quality of those loans. *North Fork Bank*[3] and *Pro Bono Inv.* (and the cases cited therein) demonstrate that the assignment language used by RFC did convey such rights. *See also Stewardship Credit Arbitrage Fund LLC v. Charles Zucker Pearl Corp.*, No. 600634/2010, 31

---

[3] Plaintiff addresses *North Fork Bank* only in a footnote and unconvincingly asserts that it is distinguishable because the fraud claim against a third party law firm deemed to be assigned in that case was somehow "part and parcel" of the loan documents between the borrower and lender. Pl. Mem. at 8 n.7. It makes no sense that an assignment of "all right, title and interest" to loans would assign a fraud claim against a third party law firm relating to the loan documents, but not claims for breaches of representations and warranties tied directly to the loans being assigned.

Misc. 3d 1223(A) (Sup. Ct. N.Y. Co. May 4, 2011) (following *North Fork Bank* and distinguishing *Calpers*); Defs. Open. Mem. at 7-8.

The language of the assignment -- "all right, title and interest" in the loans -- is unambiguous, and the Court should reject Plaintiff's improper attempts to introduce extrinsic evidence as to its meaning. *See W.W.W. Assocs., Inc. v. Giancontieri*, 77 N.Y.2d 157, 162-63 (1990) (extrinsic evidence should not be introduced to add to or vary unambiguous written agreement). Accordingly, Plaintiff's reliance on the language of a previously issued prospectus supplement is improper, Pl. Mem. at 5 -- and in any event is immaterial as it is not a document issued by or reflecting any agreement by RFC or its assignee.

Plaintiff also relies, improperly, on the fact that <u>different</u> assignment agreements (not for the 28 securitizations cited in Defendants' opening brief) contain language by which RFC attempted to expressly reserve "the concurrent right to exercise remedies and pursue indemnification upon a breach by a Seller under any Seller Contract of any of its representations and warranties." Pl. Mem. at 6. This fact actually undermines Plaintiff's contentions: the decision to omit this language in the assignment agreements at issue demonstrates RFC's lack of intent to retain such rights to sue with respect to the loans assigned by those agreements. RFC plainly knew how to include language purporting to retain such rights, but chose not to in the agreements at issue. *See In re Lehman Brothers Holdings Inc.*, 515 B.R. 171, 178 (Bankr. S.D.N.Y. 2014) (noting that agreements with differing language indicated that the drafters knew how to confer different rights when they wished to do so).

Finally, the Court should reject RFC's argument that the assignment agreements at issue could not have assigned RFC's rights to sue Defendants with respect to the loans because the agreements specify a list of "Assigned Contracts" that does not include the contracts by which

4

Defendants sold loans. Pl. Mem. at 5. Plaintiff has resorted to misstating the content of the assignment agreements. The list of "Assigned Contracts" appears in a separate paragraph from the assignment of the Mortgage Loans at issue, and expressly relates to the sale of "Pledged Asset Loans," which are different from the Mortgage Loans at issue in this case.[4]

## II.   THE COURT SHOULD ENFORCE THE SOLE REMEDY PROVISION IN THE GREENPOINT AGREEMENT

Plaintiff does not dispute that New York courts addressing sole remedy provisions, like the one set forth in the GreenPoint agreement, have uniformly enforced such provisions in the RMBS context. *See* Defs. Open. Mem. at 9 and cases cited therein. Plaintiff points to no case (and we are not aware of any) in which a party bound by a sole remedy provision has been permitted by a Court to obtain damages for a breach merely because, as here, it voluntarily sold the loans at issue. The cases cited by plaintiff where repurchase was "impossible" (and damages thus potentially permitted) addressed circumstances where the loans at issue were liquidated or a trustee could no longer convey the loans for repurchase because they were no longer in a trust.[5] *See, e.g., U.S. Bank Nat'l Assoc. v. DLJ Mortg. Capital, Inc.*, No. 650369/2013, 42 Misc. 3d 1213(A), at *3 (Sup. Ct. N.Y. Co. Jan. 15, 2014), *aff'd*, 2014 WL 5334039 (1st Dep't Oct. 21, 2014). And in those cases, any award of damages was limited to the equivalent of the repurchase amount under the sole remedy provision. *Id.*

---

[4] *See* Snyder Dec., Ex. A, ¶ 2. The assignments at issue here were of "Mortgage Loans," which do not include "Pledged Asset Loans." This is corroborated by the Series Supplement to the Standard Terms of Pooling and Servicing Agreement," a publicly filed document expressly referenced in the assignment agreements at issue (*Id.* Recital C), which makes clear: "None of the Mortgage Loans . . . are Pledged Asset Loans." *See* Snyder Dec., Ex. B, Section 2.03(b)(xxi), p. 27 of 178.

[5] As a practical matter, the assignment of the right to sue on the loans to the securitization trustee (described above) was commercially reasonable because it is the trustee that can convey a breaching loan for repurchase pursuant to the sole remedy provision. RFC would first need to repurchase the loan and associated rights from the trustee to be able to convey the loan for repurchase to the originator.

5

## CONCLUSION

GreenPoint and Summit respectfully request that the Court grant their motion to dismiss in its entirety.

Dated: November 7, 2014　　　　　　　　　MURPHY & MCGONIGLE, P.C.

　　　　　　　　　　　　　　　　　　　　By: /s/ Cameron S. Matheson
　　　　　　　　　　　　　　　　　　　　　James A. Murphy
　　　　　　　　　　　　　　　　　　　　　jmurphy@mmlawus.com
　　　　　　　　　　　　　　　　　　　　　Theodore Snyder
　　　　　　　　　　　　　　　　　　　　　tsnyder@mmlawus.com
　　　　　　　　　　　　　　　　　　　　　1185 Avenue of the Americas, 21st Floor
　　　　　　　　　　　　　　　　　　　　　New York, N.Y. 10025
　　　　　　　　　　　　　　　　　　　　　(212) 880-3976

　　　　　　　　　　　　　　　　　　　　　Cameron S. Matheson
　　　　　　　　　　　　　　　　　　　　　cmatheson@mmlawus.com
　　　　　　　　　　　　　　　　　　　　　4870 Sadler Road, Suite 301
　　　　　　　　　　　　　　　　　　　　　Glen Allen, Virginia 23060
　　　　　　　　　　　　　　　　　　　　　(804) 762-5320

　　　　　　　　　　　　　　　　　　　　　*ATTORNEYS FOR DEFENDANTS*