**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re:                                                         :
                                                               :
     RESIDENTIAL CAPITAL, LLC,                               :   Chapter 11
                                                               :   Case No. 12-12020 (MG)
                                 Debtor.                  :
---------------------------------------------------------------x
In re:                                                         :
                                                               :   Adv. Proc. No. 14-7900 (MG)
     RESCAP LIQUIDATING TRUST                                :
     MORTGAGE PURCHASE LITIGATION,                           :
                                                               :
                                 Debtor.                  :
---------------------------------------------------------------x
RESIDENTIAL FUNDING COMPANY, LLC,                              :
                                                               :
                                 Plaintiff,                :
                                                               :   Adv. Proc. No. 14-01915 (MG)
           - against -                                    :
                                                               :
HSBC MORTGAGE CORP. (USA),                                     :
                                                               :
                                 Defendant.                :
---------------------------------------------------------------x
RESIDENTIAL FUNDING COMPANY, LLC,                              :
                                                               :
                                 Plaintiff,                :
                                                               :   Adv. Proc. No. 14-01916 (MG)
           - against -                                    :
                                                               :
GREENPOINT MORTGAGE FUNDING, INC.,                             :
                                                               :
                                 Defendant.                :
---------------------------------------------------------------x
RESIDENTIAL FUNDING COMPANY, LLC,                              :
                                                               :
                                 Plaintiff,                :
                                                               :   Adv. Proc. No. 14-01926 (MG)
           - against -                                    :
                                                               :
UBS REAL ESTATE SECURITIES, INC.,                              :
                                                               :
                                 Defendant.                :
---------------------------------------------------------------x

```
RESCAP LIQUIDATING TRUST,              :
                                       :
                    Plaintiff,         :
                                       :   Adv. Proc. No. 14-01996 (MG)
         - against -                   :
                                       :
SUMMIT FINANCIAL MORTGAGE LLC et ano., :
                                       :
                    Defendant.         :
---------------------------------------x
RESCAP LIQUIDATING TRUST,              :
                                       :
                    Plaintiff,         :
                                       :
                                       :   Adv. Proc. No. 14-02004 (MG)
         - against -                   :
                                       :
MORTGAGE INVESTORS GROUP., INC.,       :
                                       :
                    Defendant.         :
---------------------------------------x
RESCAP LIQUIDATING TRUST,              :
                                       :
                    Plaintiff,         :
                                       :   Adv. Proc. No. 13-1820 (MG)
         - against -                   :
                                       :
SUNTRUST MORTGAGE, INC.,               :
                                       :
                    Defendant.         :
---------------------------------------x
```

# CASE MANAGEMENT & SCHEDULING ORDER #3

This Case Management and Scheduling Order is entered by the Court, in each of the above-captioned adversary proceedings (the "Adversary Proceedings"), following scheduling conferences held on January 6, 2015, in accordance with Fed. R. Civ. P. 16(b) and 26(f). This Order supersedes the Case Management and Scheduling Order #2 entered by the Court on August 4, 2014.

1. **Applicable Rules**. With the exception of certain limitations set forth in this Order, the parties are to conduct discovery in accordance with the Federal Rules of Civil

Procedure ("Fed. R. Civ. P."), Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York ("Local Bankruptcy Rules").

    **2.**    **Lead Docket.**

        a.    Any filing affecting two or more of the above-captioned Adversary Proceedings shall be filed for administrative purposes only in a central docket ("Central Docket"), captioned *In re ResCap Liquidating Trust Mortgage Purchase Litigation*, Adv. Pro. No. 14-7900 (MG). The filing should include the caption of the Central Docket and of each Adversary Proceeding to which it applies. A filing on the Central Docket shall be sufficient to give notice to all parties in these proceedings. Any filing affecting only a single Adversary Proceeding shall be filed within that case only. At such time as all Adversary Proceedings included within the Central Docket have been resolved, Plaintiff's counsel shall make a motion to close the case for the Central Docket.

        b.    A docket entry should be made in each Adversary Proceeding that is now or hereafter becomes subject to this Order, substantially as follows:

> An Order has been entered directing the creation of a Central Docket for administrative purposes in which any pleading affecting two or more of the Adversary Proceedings should be filed. The caption for the Central Docket is *In re ResCap Liquidating Trust Mortgage Purchase Litigation*, Adv. Pro. No. 14-07900 (MG). A pleading involving two or more cases shall include the caption of the Central Docket and of each case to which it applies. The Central Docket shall be consulted for all matters covered by the Order from the date of the Order.

    **3.**    **Coordination**. The parties shall undertake best efforts to minimize the extent of duplicative discovery and motion practice across the Adversary Proceedings subject to this Order, in order to foster the efficient and prompt management of the Adversary Proceedings. While this Order governs only the Adversary Proceedings subject to this Order, the parties shall, to the extent practicable, seek to coordinate their efforts across additional similar actions being

3

prosecuted by Plaintiff and assigned to District Judges and Magistrate Judges in the District of Minnesota.

    **4.**    **Fact Discovery**.

        a.    Fact discovery shall be completed on or before **December 1, 2015**.

        b.    Document Production

            1)    Defendants shall coordinate and serve consolidated sets of requests for production. While individual Defendants may serve separate requests, each Defendant shall first confer with the other Defendants to the Adversary Proceedings to determine whether any particular request should be served collectively on behalf of all Defendants. Duplicative discovery is not permitted.

            2)    On the individual issues particular to their own cases, each party is limited to 20 requests for production, unless the parties agree to additional requests.

            3)    Requests for production are not subject to the phasing set forth in Sections 6(d) and (e) of this Order.

            4)    Document productions of the parties shall be substantially completed no later than **May 1, 2015**, unless extended by the Court upon a demonstration of good cause. The Court recognizes that certain Magistrate Judges in similar actions brought by Plaintiff in the District of Minnesota have ordered that Phase One document production be substantially completed by April 15, 2015. However, in these proceedings, the parties have agreed to substantially complete all document production – both Phase One and Phase Two – by adding just 16 days to the Minnesota schedule. The Court is convinced that this minor departure from the Minnesota schedule aids efficiency.

  c. Phase One Common Discovery

  1) <u>General</u>.  During Phase One of discovery, the parties will conduct discovery on issues common to the Adversary Proceedings.  Phase One discovery shall be completed by **September 1, 2015**.  To be a "common" request or interrogatory does not require that the responsive information will necessarily be identical for all Defendants, but that the requests or interrogatories seek a type of information that would be sought in most or all cases if they were proceeding on their own.  For example, a request for copies of documents relating to all loans sold by a Defendant to RFC would be a common request even though the documents produced would differ from Defendant to Defendant.

  2) <u>Defendants' Written Discovery During Phase One</u>.  During Phase One, Defendants shall coordinate and serve consolidated sets of interrogatories and requests for admissions on issues common to the Adversary Proceedings subject to this Order.  Notwithstanding the foregoing, any party may serve written discovery on non-common issues in a particular case (*i.e.*, Phase Two individualized discovery) throughout Phase One and this discovery shall be answered in the time frames set forth in the Federal Rules of Civil Procedure unless otherwise agreed by the parties or extended by order of the Court.

  3) <u>Defendants Taking Rule 30(b)(6) Depositions in Phase One</u>.  Defendants shall serve on Plaintiff, no later than **April 15, 2015**, a preliminary list of common topics on which the Defendants seek Rule 30(b)(6) deposition testimony of Plaintiff, and no later than **May 15, 2015**, shall serve on Plaintiff the final list of common topics on which the Defendants seek Rule 30(b)(6) deposition testimony of Plaintiff.  On or before **June 1, 2015**, Plaintiff shall serve on the Defendants a list of witnesses who will address each topic.  Before the Rule 30(b)(6) depositions occur, the parties shall meet and confer to reach agreement regarding

5

the length and location of each Rule 30(b)(6) deposition. If the parties are unable to agree, Plaintiff shall make a motion for a protective order, and the Court will issue an Order governing Rule 30(b)(6) depositions. All Defendants in the Adversary Proceedings may attend these Rule 30(b)(6) depositions.

4) <u>Defendants Taking Individual Depositions During Phase One</u>. On or before **April 15, 2015**, Defendants shall jointly serve on Plaintiff a preliminary list of current or former RFC employees and third party witnesses as to which the Defendants seek deposition testimony in any individual (*i.e.*, non-30(b)(6)) capacity on common issues, and no later than **May 15, 2015**, shall serve on Plaintiff the final list of current or former RFC employees and third party witnesses as to which the Defendants seek deposition testimony in any individual (*i.e.*, non-30(b)(6)) capacity on common issues. All Defendants in the Adversary Proceedings may attend each such common deposition, but each such deposition will be limited to 7 hours, unless the parties agree to a longer deposition for any particular witness or as permitted by Order of the Court. Defendants' counsel will coordinate their efforts to avoid duplicative questioning of a witness. Notwithstanding the foregoing, a party may seek leave of the Court to take limited individualized depositions in a particular case during Phase One upon a showing that such individualized depositions are likely to materially advance the ability of the parties to resolve that case early.

5) <u>Plaintiff's Taking of Depositions During Phase One</u>. Plaintiff may take common depositions during Phase One. Generally speaking, common depositions for purposes of this subparagraph will not include depositions of employees or former employees of Defendants, but rather of witnesses whose testimony will be relevant to most or all of the cases. Plaintiff will give notice to all Defendants in the Adversary Proceedings of any such common

6

deposition that is taken during Phase One. Each such deposition will be limited to 7 hours, unless the parties agree to a longer deposition for any particular witness or as permitted by Order of the Court. Notwithstanding the foregoing, Plaintiff may seek leave of the Court to take limited individualized depositions in a particular case during Phase One upon a showing that such individualized depositions are likely to materially advance the ability of the parties to resolve that case early.

        6)        <u>Limitations on Common Discovery</u>. The Court has expressly not included limitations on the number of depositions, interrogatories, request for production of documents and requests for admission. The Court is confident that all parties will work cooperatively to discover that evidence that needs to be exchanged among them on issues common to the Adversary Proceedings, and to secure a just, speedy and inexpensive determination of the Adversary Proceedings. If the conduct of the parties should establish that the Court's confidence is misplaced, any party who is aggrieved by the conduct of any other party is free to make any motion contemplated by the Federal Rules of Civil Procedure and the Local Rules of this Court, and the Court will enter whatever order is necessary to administer the Rules to secure a just, speedy, and inexpensive determination of the Adversary Proceedings.

    d.    Phase Two Individualized Discovery.

        1)        <u>General</u>. On or after July 1, 2015, the parties may commence individual case discovery on issues particular to each case and shall not repeat the common discovery that was obtained in Phase One. Phase Two discovery shall be completed by **December 1, 2015**.

        2)        <u>Defendants' Phase Two Discovery</u>. On the individual issues particular to their own cases, each Defendant is limited to 20 interrogatories, 20 requests for

admissions (excluding requests for authentication of documents) and 7 depositions on the issues that pertain to its particular case, unless the parties agree to additional interrogatories, requests for admission or depositions, or as permitted by Order of the Court.  These limitations apply regardless of the phase in which the individual issue discovery was served, but interrogatories and requests that were converted to or treated as common issue discovery shall not count against these limits.

        3)    <u>Defendants Taking Individualized Depositions in Phase Two</u>.  On or before **June 15, 2015**, each Defendant shall provide to Plaintiff a list of current or former RFC employees and third party witnesses from whom that Defendant seeks deposition testimony on any issues particular to its case.  On or before **July 1, 2015**, Plaintiff shall transmit to the Defendants a list of those witnesses who are common to one or more of the individual cases for the purpose of coordinating the date, length and location of each deposition.  Before the individualized depositions of those witnesses occur, the parties shall meet and confer to reach agreement regarding date, length and location of each such deposition.  If the parties are unable to agree, Plaintiff shall make a motion for a protective order, and the Court will issue an Order governing these depositions.

        4)    <u>Plaintiff's Phase Two Discovery</u>.  On issues particular to individual cases, Plaintiff is limited to 20 interrogatories, 20 requests for admissions and 7 depositions in each individual case, unless the parties agree to additional interrogatories, requests for admission (excluding requests for authentication of documents) or depositions, or as permitted by Order of the Court.

    e.    Depositions

    1) Depositions shall not be allowed on less than 14 days' notice without leave of the Court or by agreement of the parties and the witness.

    2) Each fact witness is required to appear only once for deposition in the Adversary Proceedings subject to this Order.

    3) Any deposition taken in connection with any of the Adversary Proceeding may be used for any action subject to this Order for any purpose permitted by Fed. R. Civ. P. 32.

  f. Form of Document Productions

    1) The parties shall preserve all electronic documents that bear on any claims, defenses or the subject matter of the Adversary Proceedings.

    2) Plaintiff may produce common documents in a single repository reasonably accessible to all Defendants. Nothing in this section shall be interpreted to prevent the Defendants from sharing documents pursuant to the Protective Order entered in the Adversary Proceedings.

    3) A party that elects to produce documents into a single repository will not be relieved of the obligation to organize the documents produced as they are kept in the usual course of business or organize and label them to correspond to the categories of the request.

    4) A party that elects to produce common documents into a single repository will not be relieved of the obligation to separately respond in writing to individual Requests for Production of Documents served by any party consistent with the terms of this Order.

    5) All documents shall be produced on a rolling basis.

6) A privilege log that complies with the requirements of the Federal Rules of Civil Procedure shall be served by any party withholding, on the basis of privilege or work product protection, documents that would otherwise have been produced.  A final privilege log shall be served no later than 28 days after a party certifies that it has substantially completed its document production.  The parties do not need to log any of the following categories of withheld documents:

> (a) Attorney-client privileged communications or work product protected documents regarding this or similar litigation written by, to, between or on behalf of any of the parties or their respective representatives or counsel after December 12, 2013; and

> (b) Communications among counsel for Defendants, or among counsel for Plaintiff, relating to joint litigation efforts following the commencement of the earliest of any of the Adversary Proceedings that are subject to this Order or any other RFC Actions.

5. **Discovery Disputes**.  In the event of any discovery dispute in any of the Adversary Proceedings, counsel shall first meet and confer in an effort to resolve the dispute.  If counsel are unable to resolve the dispute, counsel for any party seeking assistance from the Court shall, before filing any discovery motion, arrange a conference call with the Court with all counsel involved in the dispute.  The Court will endeavor to resolve the dispute without the filing of any discovery motions.

6. **Expert Disclosure and Discovery**.  The parties anticipate that they will require expert witnesses at time of trial.

    a. The parties shall meet and confer on a schedule for expert discovery and will file a proposed schedule no later than **October 1, 2015**.

    b. All expert discovery, including depositions and any motions associated with expert discovery, shall be completed by **July 1, 2016**.

7. **Motions**.

10

    a. All non-dispositive motions and supporting documents (other than motions in limine, Daubert motions, and other trial related evidentiary motions), including those which relate to fact and expert discovery, punitive damages and any request for modification to this Order, shall be filed and served by August 1, 2016.

    b. All motions and applications shall be governed by the Civil Rules, the Bankruptcy Rules, and the Local Bankruptcy Rules, including pre-motion conference requirements.  Pursuant to the authority provided by Fed. R. Civ. P. 16(b)(2), a motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto (*see* Local Bankruptcy Rule 7056-1) is made in writing not later than 28 days after the close of expert discovery.

    c. Motion papers shall be filed promptly after service.  All motions, and courtesy copies of motions, shall include a table of contents listing all affidavits and exhibits.  Affidavits and exhibits shall be clearly identified by tabs on both the original and courtesy copies.  Exhibits shall be marked sequentially such that no exhibit number or letter repeats, regardless of the affidavit to which it is attached.  Exhibits for plaintiff should be marked by numbers; exhibits for defendants should be marked by letters.

    d. Two courtesy copies of all motions papers shall be delivered to chambers as soon as practicable after filing.

    e. **Unless otherwise noted herein, or unless prior permission has been granted by the Court, memoranda of law in support of and in opposition to motions are limited to 25 pages, and reply memoranda are limited to 10 pages.  All memoranda shall be double-spaced, 12-point font, with 1" margins.  Memoranda of 10 pages or more shall contain a table of contents and a table of authorities.**

    f. Prior to filing a motion, counsel for the moving party shall contact my Courtroom Deputy, Deanna Anderson, to obtain a hearing date for the motion.

    g. To preclude duplicative motion practice and promote efficiency, if a nondispositive motion is pending before the Court, any party desiring to join the motion shall file a notice of joinder (and shall not file a motion to join). The party joining a non-dispositive motion shall not repeat any argument previously made by the original moving party. Any party filing a non-dispositive motion shall serve all other parties subject to this order at the same time it serves the motion on the opposing party.

  **8.** **Alternative Dispute Resolution (ADR)**.

    a. Upon Order of the Court, the parties in these Adversary Proceedings retained Robert A. Meyer as a mediator. Mr. Meyer conducted global omnibus mediation sessions on November 13 and 17, 2014. Future separate mediation sessions in any individual Adversary Proceeding may be convened if agreed to by the mediator and each of the parties.

    b. The costs of the mediator shall be split evenly between Plaintiff and Defendants for all omnibus mediation sessions and the work of the mediator in connection therewith. The costs of the mediator shall be split evenly between the Plaintiff and the Defendant for any separate mediation sessions and the work of the mediator in connection therewith.

    c. The mediator is authorized to direct the parties to provide any additional non-privileged information that the mediator believes would be helpful in resolving the Adversary Proceedings.

      d.  Unless otherwise ordered by the Court, none of the deadlines for any other pretrial proceedings set forth in this Order shall be extended or modified as a result of any ongoing mediation.

      e.  Counsel shall promptly notify the Court of any settlement reached in any of the pending Adversary Proceedings covered by this Order.

  **9.**  **Joint Pretrial Conference Order**.  Counsel shall submit a proposed Joint Pretrial Conference Order within 60 days after the close of expert discovery.  The proposed Joint Pretrial Conference Order shall be prepared using the form of order that will be provided to counsel by my Courtroom Deputy or law clerks.

  **10.**  **No Waiver or Prejudice to Defendants by Virtue of This Order.**  Notwithstanding any other provision of this Order, no Defendant shall be deemed, by virtue of entry of this Order, to have waived any other objection or defense, or shall suffer any prejudice in respect of such right.  The entry of this Order shall not be deemed to be consent by any Defendant to the application of this Order in any withdrawn, transferred, or remanded proceeding.

  **11.**  **Modification of this Order**.  This Order may not be modified or the dates herein extended, except by further Order of the Court for good cause shown, it being recognized that modifications, including as to time limits, may be required if additional actions (including actions in the District of Minnesota and elsewhere) become subject to this Order.  Any application to modify or extend any deadline established by this Order shall be made in written application no less than 5 days prior to the expiration of the date sought to be extended.

**IT IS SO ORDERED.**

Dated:  January 15, 2015

New York, New York

      **/s/Martin Glenn**
MARTIN GLENN
United States Bankruptcy Judge